Wilmer GARCIA-MORAN, AKA
Wilmer Garcia, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 15-73802

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2017 *

Filed October 31, 2017

Wilmer Garcia-Moran, Pro Se

Surell Brady, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Wilmer Garcia-Moran, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for deferral of removal under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Garcia-Moran failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (finding that petitioner's claims of possible torture were speculative and therefore did not compel reversal).

We lack jurisdiction to consider Garcia-Moran's contention that he qualifies for relief based on his Americanized appearance or manners because he failed to present this claim to the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

